UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>RONALD HUGHES,<br><br>Defendant. | Criminal Action No. 93-97 (BAH)<br><br>Chief Judge Beryl A. Howell |

**MEMORANDUM AND ORDER**

Defendant, Ronald Hughes, seeks early termination of his five-year term of supervised release following 360 months' incarceration, to which he was re-sentenced in 2002, *see* Order (Aug. 6, 2002), ECF No. 536, on his 1994 conviction for conspiracy to distribute and for distribution of cocaine base, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(B)(iii), *see* Def.'s Mot. to Terminate Period of Supervised Release ("Def.'s Mot."), ECF No. 724. The government consents to this motion, *see* Gov't's Resp. to Def.'s Mot. ("Gov't's Resp."), ECF No. 726, and for the reasons stated below, the motion is granted.

Having already described the facts of this case in detail, *see United States v. White et al.*, 413 F. Supp. 3d 15, 19–28 (D.D.C. 2019), only a brief review of the relevant procedural history is provided here. In 1994, defendant was found guilty by a jury of one count of conspiracy to distribute cocaine base, in violation of 21 U.S.C. § 846, and three counts of distribution of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii), and sentenced to life imprisonment and three concurrent terms of 240 months. Gov't's Resp. at 1. In 2002, defendant's motion for a sentence reduction, pursuant to 18 U.S.C. § 3582(c)(2), was granted and he was resentenced to 360 months' incarceration. *Id*. at 1–2. In 2019, defendant, who had completed his 360-month term of imprisonment on May 13, 2019, and was serving his

1

concurrent terms of supervised release, sought a reduction of his supervised release terms from 5 to 3 years, pursuant to the First Step Act of 2018.  *White*, 413 F. Supp. 3d at 28; *id*. at 19 n.1; *see also* Def.'s Emergency Mot. to Reduce Sentence Pursuant to the First Step Act of 2018, ECF No. 695.  The Court denied this motion upon finding that defendant was not eligible for a reduction under the First Step Act because his "supervised release term remain[ed] statutorily required for his conviction on Count 1 … Thus no Section 404 relief is available to reduce his supervised release term."  *White*, 413 F. Supp. 3d at 51 (citing 21 U.S.C. § 841(b)(1)(C)).  The Court went on to note that, even if available under Section 404, a reduction in defendant's supervised release term was not warranted due to his "Bureau of Prisons disciplinary history," which "demonstrates a continued pattern of violence while he was in prison," including "a violation as recently as 2018, for failure to obey an order."  *Id*. at 53.

Defendant now moves to terminate his remaining period of supervised release, pursuant to 18 U.S.C. § 3583(e)(1), which authorizes termination of supervision "at any time after the expiration of one year of supervised release," so long as certain factors set out in § 3553(a) are considered and the release "is warranted by the conduct of the defendant [on supervision] and the interest of justice."  18 U.S.C. § 3583(e)(1).  Under this provision, the Court has discretion to modify a term of supervised release even when such term is statutorily mandated.  *See United States v. Harris*, 258 F. Supp. 3d 137, 142–43 (D.D.C. 2017) (BAH) (discussing this issue and concluding that the "weight of authority confirms that § 3583(e)(1) authorizes termination of [a] statutorily mandated term of supervised release . . .") (collecting cases); *see also United States v. King,* Crim. Case No. 03-cr-249 (BAH), 2019 WL 415818, at *4 (D.D.C. Feb. 1, 2019) (same); *United States v. Wesley*, 311 F. Supp. 3d 77, 79 n.1 (D.D.C. 2018) (CKK) (same).  No "extraordinary or unusual conduct" during supervision is required to meet this standard.  *See*

*Harris,* 258 F. Supp. at 148–50; *see also United States v. Borea,* No. 03-cr-33-A, 2018 U.S. Dist. LEXIS 170268, *1–2 (W.D.N.Y. Oct. 2, 2018) (no new or changed circumstances are required) (quoting *United States v. Parisi,* 821 F.3d 343, 347 (2d Cir. 2016) (per curiam)).

In evaluating a motion for early termination of supervised release, the Court must consider the following seven factors from § 3553(a): (1) the nature and circumstances of the offense and the defendant's history and characteristics; (2) deterrence of criminal conduct; (3) protection of the public from further crimes of the defendant; (4) the need to provide the defendant with educational or vocational training, medical care, or other correctional treatment; (5) the applicable sentencing guideline range for the offense and pertinent policy statements issued by the U.S. Sentencing Commission; (6) the need to avoid unwarranted sentencing disparities; and (7) the need to provide restitution to any victims of the offense.  *See* 18 U.S.C. § 3583(e) (authorizing modification of supervised release "after considering the factors set forth in" § 3553(a)(1), (a)(2)(B)-(D), and (a)(4)-(7)).  Thus, among the §3553(a) factors *not* to be considered in determining whether to modify the term of supervision, *id.*, is "the need…to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," 18 U.S.C. § 3553(a)(2)(A); *see* U.S. SENTENCING COMM'N, FEDERAL OFFENDERS SENTENCED TO SUPERVISED RELEASE (July 2010) ("Supervised Release Report") at 9 ("The legislative history indicates that section 3553(a)(2)(A) was not included for consideration under 18 U.S.C. § 3583(c) because the primary purpose of supervised release is to facilitate the integration of offenders back into the community rather than punish them.").

In considering these factors, however, courts must recognize that supervised release "serves an entirely different purpose than the sentence imposed under § 3553(a)," *Pepper v. United States*, 562 U.S. 476, 502 n.15 (2011), since "[s]upervised release fulfills rehabilitative

3

Case 1:93-cr-00097-BAH   Document 727   Filed 06/24/20   Page 4 of 5

ends, distinct from those served by incarceration," *United States v. Johnson* ("*Johnson I*"), 529 U.S. 53, 59 (2000); *see also Johnson v. United States* ("*Johnson II*"), 529 U.S. 694, 708–09 (2000) (recognizing the "congressional policy in providing for a term of supervised release . . . is to improve the odds of a successful transition from the prison to liberty").  In addition, in the context of a motion for early termination of supervised release, the sixth factor has limited relevance because the "factor of avoiding unwarranted sentencing disparities . . . would generally undermine the case specific inquiry required in evaluating a motion for early termination of supervised release." *Harris*, 258 F. Supp. 3d at 145.

　　　　While acknowledging "the severity of the conviction in the instant matter," Def.'s Mot. at 3, defendant argues, and the government agrees, that the second, third, and fourth of the § 3553(a) factors weigh in favor of early termination, as does the interest of justice, given the rehabilitative rather than punitive ends served by supervised release, *id*. at 3–4; Gov't's Resp. at 3–4.  Defendant has already served a 360-month prison sentence, which is sufficient to deter similar criminal conduct in accordance with the second § 3553(a) factor.  With regard to the third and fourth factors, meanwhile, defendant's positive behavior since being released supports a finding both that defendant poses a minimal risk of danger to the community and that he is no longer in need of rehabilitative training or other services.  In particular, defendant has found gainful employment and received praise from his employer both for his work performance and for playing "a vital role [in] the company's community outreach program."  Gov't's Mot. at 3.  Defendant has worked as a "community outreach specialist" and "serves as a mentor for [an] Entrepreneurship Training program for formerly Incarcerated Persons." *Id*. at 3–4; *see also id*., Ex. A, Ltr. from Councilmember Trayon White, Sr. (Feb. 25, 2020), ECF No. 724-1 (attesting to defendant's outreach work in Ward 8 and stating that "he is becoming an instrumental part of

bolstering the local economy and community relations."). Meanwhile, defendant has also married and bolstered positive family relationships with his daughter and granddaughter, which relationships provide "a stable foundation" for his ongoing reintegration in the community. Def.'s Mot. at 4.

Given these admirable developments, the Court agrees with the government that continuing supervised release "would have no real value as far as law enforcement or any other community interest is concerned," Gov't's Resp. at 4 (quoting *Harris*, 258 F. Supp. 3d at 150 (internal citation omitted)).  Accordingly, the Court finds that early termination of defendant's supervised-release term is in the "interest of justice" within the meaning of 18 U.S.C. § 3583(e)(1). Since defendant has served more than one year of his supervised-release term, which began on May 13, 2019, he has also met the provision's time requirement, which, as explained above, allows for early termination "at any time after the expiration of one year of supervised release." 18 U.S.C. §3583(e)(1).

For these reasons, it is hereby

**ORDERED** that defendant's Motion to Terminate Period of Supervised Release, ECF No. 724, to which the government consents, is **GRANTED**; and it is further

**ORDERED** that defendant's term of supervision shall be terminated early, effective June 26, 2020.

**SO ORDERED**.

Date: June 24, 2020

_____
BERYL A. HOWELL
Chief Judge